UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER LEON DIXON,

Plaintiff,

v.

LANCE J. HENDRON, et al.,

Defendants.

Case No. 26-cv-00312-APG-EJY

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted. Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. For the reasons stated below, the Court recommends Plaintiff's Complaint be dismissed without prejudice, but also without leave to amend in this Court.

**I.    Screening Standard**

Under 28 U.S.C. § 1915(e)(2), the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in

the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

Plaintiff asserts two claims in his Complaint. These include ineffective assistance of counsel and conspiracy committed by public defender Maria Cleveland, not yet appointed stand-by counsel Lance J. Hendron, and a state court judge not named as a defendant. ECF No. 1-1 at 2. More specifically, Plaintiff alleges the state court judge held a bench conference with Ms. Cleveland and Mr. Hendron, from which Plaintiff was excluded, in which the judge allegedly stated "we want … [Plaintiff, then the criminal defendant] to not say all these things on the record." *Id*. at 3. Liberally

construing additional allegations, Plaintiff submits the state court judge thereafter discussed a conflict of interest leading public defender Michael Hyte to file a motion to withdraw.[1] *Id.*

    a.    <u>Plaintiff's Ineffective Assistance of Counsel Claim Should be Dismissed with Prejudice</u>.

To the extent Plaintiff is alleging a violation of his Sixth Amendment right to effective assistance of counsel, his claim must be brought first through a direct appeal and then through a post-conviction habeas corpus petition, not through a civil rights action under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). For this reason, Plaintiff's § 1983 ineffective assistance of counsel claim fails as a matter of law and must be dismissed.

    b.    <u>Plaintiff's Claim of Conspiracy Fails Under *Heck v. Humphries*</u>.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege violations of a right under the Constitution or laws of the United States committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, criminal defense counsel, including public defenders, are not state actors capable of being sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender appointed in criminal case was not state actor even though he was "paid by government funds and hired by a government agency"). Moreover, "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Nonetheless, a public defender may be deemed to have acted under color of state law if he or she conspired with state officials to deprive the client of federal rights. *Tower v. Glover*, 467 U.S. 914, 920, 923 (1984). To state a conspiracy claim, a plaintiff must allege "an agreement or meeting of the minds to violate constitutional rights." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (internal quote marks and citation omitted). Conclusory allegations of conspiracy are insufficient to state a conspiracy between a private party and a state actor. *Simmons v. Sacramento*

---

[1] Plaintiff provides no explanation for why Mr. Hyte, and not Ms. Cleveland, was then his public defender filing a motion to withdraw.

*Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991). Instead, a plaintiff must allege specific facts showing an agreement or meeting of the minds among the alleged conspirators to violate his constitutional rights. *Crowe*, 608 F.3d at 440; *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Here, the Court finds Plaintiff's allegations are insufficient to state a conspiracy claim. Plaintiff contends two non-state actors (a public defender and his to-be appointed stand-by counsel) together with a judge (who is not a named defendant) "conspired … to cover up … [a] Sixth Amendment violation," which appears to arise from a bench conference that Plaintiff did not attend. At that conference, the attorneys and the state court judge expressed concern regarding Plaintiff's statements on the record that he should not have made, and discussed a conflict of interest leading Mr. Hyte (also not named as a defendant) to file a motion to withdraw. ECF No. 1-1 at 3. It is unclear why Mr. Hyte is named or how his withdrawal was prompted by a conference he is not alleged to have attended. Plaintiff also offers no specific facts demonstrating that any part of the conference between the court and counsel, which is not a *per se* violation of Plaintiff's rights, violated Plaintiff's rights established under the U.S. Constitution. *United States v. Washington*, 705 F.2d 489, 498 n. 5 (D.C. Cir. 1983) (criminal defendant's absence from a sidebar does not necessarily violate the Constitution absent evidence of denial of a fair trial); *see also Gaiter v. Lord*, 917 F.Supp. 145, 152 (E.D.N.Y. 1996) (claim by defendant that she was improperly denied her right to be present at sidebar voir dire conference did not rise to the level of a constitutional violation because the U.S. Constitution does not require a defendant's presence at sidebar conferences); Nev. R. Prof. Cond. 1.16(b)(7) (establishing withdrawal is required when good cause exists); *Nix v. Whiteside*, 475 U.S. 157, 176 (1986) (a conflict between a defendant and counsel does not implicate Sixth Amendment rights when the conflict is premised upon the defendant's plan to perjure himself).

However, even if the Court assumes Plaintiff could amend his Complaint to cure the failure to adequately plead a conspiracy claim, the Court finds his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In analyzing which types of claims can be brought under 42 U.S.C. § 1983, the Supreme Court held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Id*. at 481 (citing *Preiser v.*

*Rodriguez*, 411 U.S. 475, 488-490 (1973)). In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court clarified that the line of cases addressing the *Heck* issue, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82. "It would wholly frustrate explicit congressional intent" to allow plaintiffs to evade the exhaustion requirement of an application for a writ of habeas corpus by labeling their request as a § 1983 claim. *Preiser*, 411 U.S. at 489-490.

Plaintiff's conspiracy allegations necessarily implicate the validity of his conviction. *See Brown v. Spiga*, Case No. CV 15-8585-ODW (AGR), 2018 WL 3435414, at *4 (C.D. Cal. June 21, 2018); *McCullom v. O'Malley*, 2016 U.S. Dist. LEXIS 112451, *4-*5 (N.D. Cal. Aug. 18, 2016) (finding *Heck* bars alleged conspiracy between public defender, prosecutor and judge). As discussed in *Brown*, rights pertaining to self-representation arise under the Sixth Amendment and rights challenging "some phase of … [a] prosecution" clearly implicates *Heck*. *Brown*, 2018 WL 3435414 at *4 *citing Pressley v. Pacheco*, Case No. 17-1715, 2020 WL 107065, at *4 (S.D. Cal. Jan. 9, 2020). *See also Warren v. Fischl*, 674 Fed.Appx. 71, 73 (2d Cir. 2017) ("The very premise of Appellant's claims is that the defendants conspired to fabricate evidence and testimony against him and introduced such fabricated evidence and perjury at trial. Such claims, if proved, would demonstrate the invalidity of his conviction."); *Lewis v. Miller*, 677 F.3d 324, 333 (7th Cir. 2012) (same).

Here, Plaintiff alleges a side-bar discussions between counsel and a state court judge resulted in an agreement to violate his Sixth Amendment right to counsel thereby forcing Plaintiff into self-representation. ECF No. 1-1 at 2-3. If this claim is successful it would necessarily implicate a key phase of Plaintiff's criminal proceedings and, potentially, invalidate those proceedings causing reversal of his convictions. Therefore, Plaintiff's claim is barred by *Heck*.

## III.    Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice, but without leave to amend in this Court.  This will allow Plaintiff to bring his Sixth Amendment claims through an appeal and then through a habeas petition as he must.

Dated this 16th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).