UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER LEON DIXON,

Plaintiff,

v.

LANCE J. HENDRON, et al.,

Defendants.

Case No. 26-cv-00312-APG-EJY

**ORDER and AMENDED
REPORT AND RECOMMENDATION**

This Order and Amended Report and Recommendation amends and supersedes the Court's Report and Recommendation entered on March 17, 2026.

**I.    Plaintiff's Application to Proceed *in forma pauperis***

Plaintiff's Application to proceed *in forma pauperis* is complete and granted below.

**II.    Screening Standard**

Under 28 U.S.C. § 1915(e)(2), a reviewing court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

1

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    Background Facts

Plaintiff appears to assert two claims in his Complaint: (1) ineffective assistance of counsel; and (2) a conspiracy engaged in by Maria Cleveland, not yet appointed stand-by counsel Lance J. Hendron, and an Eighth Judicial District Court judge not named as a defendant.[1] ECF No. 1-1 at 2. These claims are supported by Plaintiff's liberally construed allegations that include: (1) on May 19, 2025, the state court judge addressed, but did not inquire into, a "conflict with Public Defender Michael Hyte" that "forced" Plaintiff into self-representation, and (2) on June 2, 2025, the state court judge held a bench conference that excluded Plaintiff, but included Ms. Cleveland and Mr. Hendron, at which the "colluding parties discussed the rights violation" and the judge stated "we want … [Plaintiff, then the criminal defendant] to not say all these things on the record." *Id*. at 2-3.

---

[1]    The Eighth Judicial District Court is sometimes referred to herein as the "state court."

A review of the Register of Actions (referred to herein as the "Docket") in Plaintiff's ongoing Eighth Judicial District Court case, Case No. C-25-389111,[2] shows an entry of Minutes on May 19, 2025 stating the "Court conducted a *Faretta* Canvas"[3] and entered an order finding Plaintiff "will knowingly, intelligently, competently, voluntaringly [sic], and willingly represent himself." The state court Docket is available at clarkcountycourts.us/Anonymous/default.aspx (last visited April 17, 2026). Thereafter, the June 2, 2025 state court Minutes reference a bench conference attended by an Assistant District Attorney and Mr. Hendron as Plaintiff's not yet officially appointed stand-by counsel. These Minutes show no Motion to Withdraw was filed by the Clark County Public Defender at that time. *Id*. There is no mention of Maria Cleveland attending this bench conference. *Id*.

On June 9, 2025, the Docket shows a Motion to Clarify the Court's Request for a Motion to Withdraw was filed. The June 11, 2025 Minutes reference a discussion of what appears to be an oral Motion to Withdraw by Deputy Public Defender Hyte asserting a conflict precluding the Clark County Public Defender from continuing its representation of Plaintiff. These Minutes also state the court (1) found "no formal Motion to Withdraw … [was] needed," (2) confirmed its prior order holding Plaintiff would be "self-representing and previously passed the *Faretta* canvass," and (3) entered an order formally appointing Mr. Hendron as Plaintiff's stand-by counsel. This Court notes that the most recent entry on the Docket, dated April 8, 2026, reflects a renewed *Faretta* hearing after which the state court judge determined Plaintiff was not knowingly able to represent himself and entered an order appointing Mr. Hendron as Plaintiff's defense counsel.

## IV.  Discussion

   a.   <u>Plaintiff's Ineffective Assistance of Counsel Claim Should be Dismissed with Prejudice</u>.

Plaintiff appears to allege a violation of his Sixth Amendment right to effective assistance of counsel. ECF No. 1-1 at 2. This claim must be brought first through a direct appeal and then through

---

[2]     Under Federal Rule of Evidence 201, this Court may take judicial notice of the docket entries and court orders issued by the Eighth Judicial District Court. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings …"); *Roberson v. City of L.A.*, 220 Fed.Appx. 522, 523 (9th Cir. 2007) (taking judicial notice of the state court docket sheet in the underlying action).

[3]     *See Faretta v. California,* 422 U.S. 806 (1975)

a post-conviction habeas corpus petition, not through a civil rights action under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).  For this reason, Plaintiff's § 1983 ineffective assistance of counsel claim fails as a matter of law and must be dismissed.[4]

        b.     <u>Plaintiff Fails to State a Claim of Conspiracy to Violate his Constitutional Rights</u>.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the defendants acted under color of state law; and (2) the defendants deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States.  *Sykes v. California,* 497 F.2d 197, 199-200 (9th Cir. 1974) (citing *Cohen v. Norris,* 300 F.2d 24, 30 (9th Cir. 1962)).  To state a claim of conspiracy to violate rights protected by the U.S. Constitution, a plaintiff must show an agreement or meeting of minds to violate his constitutional rights and an overt act in furtherance of the conspiracy.  *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir. 1989).  The conspiracy must result in an actual deprivation of a constitutional right.  *Woodrum v. Woodward County, Oklahoma,* 866 F.2d 1121, 1126 (9th Cir. 1989) (citing *Hoffman v. Halden,* 268 F.2d 280, 293 (9th Cir. 1959), *rev'd on other grounds,* 300 F.2d at 30 (1962)).  Conclusory allegations of conspiracy are insufficient to state a conspiracy between a private party and a state actor.  *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991).

The Court notes "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  Here, Plaintiff alleges no facts demonstrating the actions of the state court judge

---

[4]     To the extent Plaintiff asserts a violation of the Sixth Amendment based on allegedly being "forced" into self-representation, this claim appears mooted by the state court's appointment of Mr. Hendron as defense counsel. *Infra* at 3.  To the extent this claim could be said to remain before the Court, it is nonetheless barred because Plaintiff has not yet been convicted and that conviction has not been invalidated. *Pressley v. Pacheco*, Case No. 17cv1715-MMA (MDD), 2020 WL 107065, at *4 (S.D. Cal. Jan. 9, 2020) (dismissing claim alleging violation of Sixth Amendment right to self-representation with leave to amend only if plaintiff can allege that his conviction has been invalidated); *Trudeau v. Warden*, Case No. 1:13cv01691 LJO DLB PC, 2014 WL 5325339, at *3 (E.D. Cal. Oct. 17, 2014) (dismissing plaintiff's claim based on violation of Sixth Amendment right to self-representation in part because "once convicted, Plaintiff's claim is subject to dismissal pursuant to *Heck*" [*v. Humphrey*, 512 U.S. 477 (1994)]); *Way v. 20 Unknown Emps.*, Case No. 1:12cv00357 AWI DLB PC, 2013 WL 752257, at *5 (E.D. Cal. Feb. 27, 2013) (dismissing plaintiff's claim based on violation of Sixth Amendment right to self-representation because he "cannot state a claim under section 1983 until his conviction or sentence has been invalidated").

fail this test.  Indeed, the facts asserted are to the contrary as the judge was involved in determining whether Plaintiff could represent himself, needed stand-by counsel, and was stating matters that could be against his interest.  ECF No. 1-1 at 2-3.

Moreover, criminal defense counsel, including public defenders, are generally not state actors capable of being sued under 42 U.S.C. § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Dukowitz v. Kellemen*, Case No. 3:18-cv-05968-BHS-JRC, 2019 WL 2290128, at *2 (W.D. Wash. Apr. 25, 2019); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender appointed in criminal case was not a state actor even though he was "paid by government funds and hired by a government agency").  As Plaintiff alleges, all counsel identified were either public defenders or court appointed.  ECF No. 1-1.  Nonetheless, it is true that public defenders and court appointed counsel may be found to act under color of state law if they conspire with state officials to deprive a client of federal rights.  *Tower v. Glover*, 467 U.S. 914, 920, 923 (1984).

After reviewing Plaintiff's Complaint, the Court finds Plaintiff fails to allege facts sufficient to state a conspiracy claim.  Plaintiff contends two non-state actors (a Clark County public defender and his stand-by court appointed defense counsel) together with a judge "conspired … to cover up … [a] Sixth Amendment violation" arising from a Motion to Withdraw prompted by the judge at a bench conference Plaintiff did not attend.  According to Plaintiff, at that conference defense counsel and the state court judge expressed concern regarding Plaintiff's statements on the record and then discussed a conflict of interest.  Thereafter, an oral Motion to Withdraw was made and granted, Plaintiff was appointed stand-by counsel, and subsequently, after a second *Faretta* canvas, appointed defense counsel.  ECF No. 1-1 at 3; April 8, 2026 Minutes on the Docket.

Plaintiff suggests the effect of the conference, which is not a *per se* infringement of his rights,[5] resulted in a violation of the Sixth Amendment.  However, whether Plaintiff alleges

---

[5]   *United States v. Washington*, 705 F.2d 489, 498 n. 5 (D.C. Cir. 1983) (criminal defendant's non-attendance at a sidebar does not necessarily violate the Constitution absent evidence of denial of a fair trial); *Gaiter v. Lord*, 917 F.Supp. 145, 152 (E.D.N.Y. 1996) (claim by defendant that she was improperly denied her right to be present at sidebar voir dire conference did not rise to the level of a constitutional violation because the U.S. Constitution does not require a defendant's presence at sidebar conferences); Nev. R. Prof. Cond. 1.16(b)(7) (establishing withdrawal is required when good cause exists); *Nix v. Whiteside*, 475 U.S. 157, 176 (1986) (a conflict between a defendant and counsel does not implicate Sixth Amendment rights when the conflict is premised upon the defendant's plan to perjure himself).

ineffective assistance of counsel or a violation resulting in forced self-representation, neither of which is borne out by the state court Docket, Plaintiff does not allege facts supporting an agreement or meeting of minds among the conspirators to violate his constitutional rights. Instead, Plaintiff asserts a discussion of his statements on the record, a conflict requiring withdrawal by his public defender, and a conclusion that there was a "cover up of the issue." ECF No. 1-1 at 3.

While Plaintiff's failure to state facts sufficient to allow his civil conspiracy claim to proceed would ordinarily warrant granting him an opportunity to file a first amended complaint, that opportunity is not appropriate here. Plaintiff's civil conspiracy claim may not proceed under application of the *Younger* abstention doctrine.

> c.    Plaintiff's Civil Conspiracy Claims is Subject to *Younger* Abstention.

The *Younger* abstention doctrine requires the Court to recommend further consideration of Plaintiff's civil conspiracy claim be stayed. "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Shahrokhi v. Harter*, Case No. 2:20-cv-01019-APG-VCF, 2020 WL 4933695, at *1 (D. Nev. Aug. 18, 2020) (quoting *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998)); *see also Rager v. McMcahill*, Case No. 2:24-cv-00248-APG-EJY, 2024 WL 946364, at *2 (D. Nev. Feb. 7, 2024) *citing Younger v. Harris*, 401 U.S. 37, 45-46 (1971) ("the Supreme Court held that the principles of comity and federalism preclude federal courts from interfering with ongoing state criminal proceeding absent extraordinary circumstance.").

A review of the Docket in Plaintiff's state court case establishes his criminal case is ongoing. Plaintiff has not proceeded to trial and there has been no finding regarding the charges pending against him. The criminal charges filed against Plaintiff implicate important state interests (*see* page 1 of the Docket), and there is nothing to support the conclusion that Plaintiff cannot assert his concerns in the state court forum. Further, if this Court were to wade into the issues Plaintiff raises the effect would be to interfere with state court's proceedings, which is contrary to the *Younger* doctrine's purpose. Finally, the Court finds Plaintiff has not identified any extraordinary circumstance requiring adjudication of his claims in this Court despite *Younger* abstention. *See*

*Younger*, 401 U.S. at 56 (Stewart, J. concurring) (extraordinary "circumstances exist only when there is a threat of irreparable injury both great and immediate) (internal quote marks omitted).

In light of the above, the Court recognizes that Plaintiff's civil conspiracy claim cannot be adjudicated at this time, but must be "stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

**V.      Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 1-1) on the docket of this case.

**VI.     Recommendations**

IT IS HEREBY RECOMMENDED that the Court's Report and Recommendation at ECF No. 3 is VACATED.  The instant Order and Report and Recommendation is the operative decision of the undersigned U.S. Magistrate Judge.

IT IS FURTHER RECOMMENDED that Plaintiff's Sixth Amendment ineffective assistance of counsel claim be dismissed without prejudice, but without leave to amend through a civil rights complaint as this claim must be raised in a habeas corpus petition.

IT IS FURTHER RECOMMENDED that the remainder of Plaintiff's claims be stayed pending the completion of his underlying state court proceedings and the Clerk of Court be directed to administratively close this case.

Dated this 20th day of April, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections

within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).